IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GEORGE HOLTZ,                          )
                                       )
      Plaintiff,                       )
                                       )
      v.                               )    1:04CV00827
                                       )
JEFFERSON SMURFIT CORPORATION,         )
doing business as Stone                )
Container Corporation,                 )
doing business as Smurfit-Stone        )
Container Corporation,                 )
                                       )
      Defendant.                       )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff George Holtz ("Plaintiff") filed this action against Defendant Jefferson Smurfit Corporation (U.S.) ("Defendant") alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq., the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., and North Carolina public policy. This court granted summary judgment as to all claims. Before this court is Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment. For the reasons stated below, the court will deny Plaintiff's motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The court incorporates the facts as set out in its January 4, 2006, Memorandum Opinion and Order and Judgment.  Based on those facts, the court granted summary judgment on all counts.  Pertinent to this motion, the court granted summary judgment on two of Plaintiff's age discrimination theories.  Plaintiff first failed to produce sufficient evidence under the McDonnell Douglas burden-shifting formula to establish a prima facie case of age discrimination, see King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003), because Plaintiff failed to show any evidence that he met his employer's legitimate job expectations at the time he was fired.  The court further held that Plaintiff failed to establish a case of disparate treatment because he did not show that he was treated differently than similarly situated employees.  "What Plaintiff d[id] not explain [wa]s how the[] people [he claimed Defendant treated better than him] were similarly situated in all material respects . . . ."  (1/04/2006 Mem. Op. & Order at 27.)

For this reconsideration motion, Plaintiff adds evidence allegedly produced after Plaintiff filed his brief in opposition to summary judgment.  Plaintiff shows profit-loss statements for the Greensboro and two out-of-state plants for 2001 through 2003.  The Greensboro plant, in 2003, lost money in January and February, made money in March, April, and May, lost money in June, July, and August, and made money for the rest of 2003.  Further exhibits show profit-loss statements for the Carol Stream plant, in Illinois, during those same times.  The Carol Stream

2

exhibits show losses that "were a much larger magnitude and longer duration than the losses experienced by the Greensboro plant while . . . Plaintiff was plant manager. In addition, many of these losses occurred while Ed Dieter and Scott Headley were managers . . . ." (Pl.'s Br. Supp. Mot. Reconsider Order Granting Def.'s Mot. Summ. J. at 3.)

**II. ANALYSIS**

    A.   Standard of Review

Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment" under a motion for reconsideration. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "[T]hree circumstances [exist] in which a court may appropriately[, in its discretion,] grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law." Torre v. Federated Mut. Ins. Co., 906 F. Supp. 616, 618 (D. Kan. 1995). The motion's scope is narrow: "Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

    B.   Application

Plaintiff apparently relies on the second ground for granting his motion to reconsider, though he does not lay out any

of the standards that guide this court in a reconsideration of granting summary judgment. Also, while the parties vigorously dispute whether these profit-loss statements are actually "newly discovered evidence," the court sees no reason to delve into the exhibits to determine what is and is not newly discovered evidence. Plaintiff's evidence does not, substantively, change this court's original rulings.

> 1.  Plaintiff's Evidence Does Not Show He Met His Employer's Legitimate Job Expectations

Plaintiff argues the "new" evidence shows the new Kimberly-Clark business caused the losses that occurred when Defendant fired him, which creates an issue of fact as to whether he met his employer's legitimate job expectations. The court originally held that Plaintiff failed to support a prima facie case under the McDonnell Douglas formula because he only rebutted evidence of his numerous deficiencies with evidence that he performed well in the past, which was insufficient as a matter of law to establish a claim of age discrimination under the burden-shifting formula.

This new evidence shows, at most, an up and down of profits and a net loss in the six months preceding his termination. The profit-loss statement does not show what caused the losses; it simply shows an overall loss or gain by the company. Moreover, these statements do not rebut Plaintiff's other various failings by Plaintiff under Defendant's legitimate employment expectations, including that up until his firing, Defendant had a net loss for the year. Plaintiff fails to adduce any evidence

4

that he performed at his employer's legitimate job expectations. This new evidence does not affect the summary judgment ruling.

      2.    Plaintiff's Evidence Does Not Show Similarly Situated Employees Were Treated Differently

Nor does the new evidence affect summary judgment on the similarly situated analysis. Under this ground for summary judgment, Plaintiff's claim for unlawful age discrimination was that he was treated differently than similarly situated employees who were sufficiently younger than he. Plaintiff claims this new evidence shows that in other situations, Defendant did not fire other employees.

Plaintiff, however, as he did in the original summary judgment motion, fails to show that these other employees are similarly situated <u>in all material respects</u> except as to age, which is a requirement in establishing this claim. Merely showing a younger person who could have been fired, but was not, is not sufficient, without more, to show he and Plaintiff were similarly situated in all material respects. Because the new evidence still fails to create a genuine issue of material fact on this claim, the court will deny the motion to reconsider summary judgment.

## III. CONCLUSION

For the reasons stated above,

The court DENIES Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment [65].

This the 24th day of April 2006.

	_____
	United States District Judge